IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CRIMINAL CASE NO. 2:08cr21-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) vs. ) ) ) MICHAEL OWLE. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for Trial Transcripts, Statement of Reasons, Docket Sheet, Sentencing Minutes[1] [Doc. 73].

On February 17, 2009, the Defendant was sentenced to 57 months imprisonment in connection with his conviction for robbery by force and violence, in violation of 18 U.S.C. §§1153 & 2111, and to a consecutive sentence of 120 months in connection with his conviction for using, carrying and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii). [Doc. 45]. The Defendant did not file a notice of appeal.

---

[1] The term "sentencing minutes" has no meaning known to the Court.

On September 14, 2009, the Defendant filed this *pro se* motion for a copy of his sentencing transcript, the Statement of Reasons and the docket sheet. In support of the motion, the Defendant states that he is working on a motion pursuant to 28 U.S.C. §2255. The Court will authorize the Clerk of Court to provide a copy of the Statement of Reasons [Doc. 46] and docket sheet to the Defendant.

As to the sentencing transcript, however, although the Defendant was provided court-appointed counsel for the criminal proceedings, that does not automatically entitle him to indigency status for purposes of this motion. A defendant may not obtain transcripts of proceedings in his case unless this Court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. §753(f). As noted, the Defendant did not appeal his conviction and sentence. Thus, there is no suit or other proceeding pending.

The Defendant also has not shown that his request "is not frivolous and that the transcript is needed to decide the issue presented." Id. Federal inmates are not entitled to transcripts at Government expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 326-27,

96 S.Ct. 2086, 48 L.Ed.2d 38 (1976); United States v. Hamlett, 128 Fed.Appx. 320, 321 (4th Cir. 2005).  "[A]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."  Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972), *quoting* United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); *accord* United States v. Parker, 273 Fed.Appx. 243 (4th Cir. 2008).

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for Trial Transcripts, Statement of Reasons, Docket Sheet, Sentencing Minutes [Doc. 73] is hereby **DENIED** except that the Clerk of Court may provide a copy of the Statement of Reasons and Docket Sheet.

Signed: September 22, 2009

Martin Reidinger
United States District Judge