# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:08cr21-2

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff, )<br>                  )<br>        v.             )<br>                  )<br>                  )<br>MICHAEL ANTHONY OWL, )<br>    Defendant, )<br>                  )<br>and                )<br>                  )<br>EASTERN BAND OF CHEROKEE )<br>INDIANS, )<br>    Garnishee. )<br>_____) | **FINAL ORDER OF<br>CONTINUING GARNISHMENT** |

**THIS MATTER** is before the Court on the Answer of the Garnishee [Doc. 77].

## PROCEDURAL HISTORY

On June 4, 2008, the Defendant was charged with attempted robbery, assault with intent to commit murder, kidnaping, assault with a dangerous weapon with intent to do bodily harm, assault resulting in serious bodily injury, and using and carrying a firearm during a crime of violence, in violation of 18

U.S.C. §§2111; 1201; 113(a)(3) & (a) (6); 924(c)(1)(A)(iii) and 1153. [Doc. 6]. The Defendant entered into a plea agreement with the Government pursuant to which he pled guilty to attempted robbery and using and carrying a firearm during a crime of violence. [Doc. 33]. On February 17, 2009, the Defendant was sentenced to a total of 177 months imprisonment. [Doc. 45]. He was ordered to pay restitution to his victim in the amount of $17,803.70 and $200 in assessments. [Id.].

In April 2009, the Government moved for a writ of garnishment as to the Eastern Band of Cherokee Indians (Band) in order to garnish tribal gaming proceeds which were payable to the Defendant. [Doc. 59]. On April 27, 2009, the Defendant and the Band were served by certified mail with all documents relevant to the application for a writ of garnishment. [Doc. 68]. Contrary to the certificate of service filed by the Government, the Band has alleged it was served on January 7, 2010. [Doc. 77, at 1]. The Defendant did not file any response.

On January 15, 2010, the Band filed an untimely Answer which contained a motion to quash the application for a writ. [Id.]; see, 28 U.S.C. §3205(c)(2)(E). In the Answer, the Band argues that the Defendant's *per capita* distribution of gaming revenues received from the Band are immune from garnishment due to the sovereign nature of the Band. It does not argue

2

that there is any existing order of child support which must be paid from the *per capita* distribution.

**DISCUSSION**

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress. C & L Enterprises v. Citizens Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001). When Congress enacted the Federal Debt Collection Procedure Act (FDCPA) in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§3002(7) & (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Community, 991 F.2d 458, 462 (8th Cir. 1993). The FDCPA uses unequivocal language to waive this immunity. C & L Enterprises, 532 U.S. at 418; United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), *affirmed* 187 F.3d 645 (8th Cir. 1999), *certiorari denied sub nom* Yankton Sioux Tribe v. United States, 528 U.S. 928, 120 S.Ct. 322, 145 L.Ed.2d 251 (1999); United States v. Smith, 2008 WL 700320 (W.D.N.C. 2008). As a result, the Band must pay over to

3

the federal government any property in which the Defendant has a nonexempt interest. Weddell, supra. That property includes a *per capita* distribution to tribal members of gaming revenues. Id.; *accord*, In re Kedrowski, 284 B.R. 439 (Br.W.D.Wis. 2002). Nonetheless, in the event that an order for child support should be entered at some future time, it shall have priority over a writ of garnishment issued pursuant to the FDCPA. 28 U.S.C. §3205(c)(8).

## ORDER

**IT IS, THEREFORE, ORDERED** that any motion to quash the writ of garnishment contained within the Answer of the Garnishee [Doc. 77] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that any future child support order which is properly entered in The Cherokee Tribal Court for the support of the Defendant's children shall have priority over the writ of garnishment issued by this Court until such time as the child support obligation has expired.

**IT IS FURTHER ORDERED** that a Final Order of Continuing Garnishment is hereby **ENTERED** in the amount of $18,003.70, computed through April 17, 2009, which attaches to each *per capita* distribution of gaming revenues on account of the Defendant.

**IT IS FURTHER ORDERED** that payments should be made to the

United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, N.C. 28202. Each check shall be embossed "Court Number 2:08cr21-2, Defendant Michael Anthony Owle.

Signed: May 7, 2010

Martin Reidinger
United States District Judge